## Agnello v. Panetta

*Charles A. Mertens,* for plaintiff.

KITTS, P. J., July 19, 1943.—This case comes before the court on an amicable action of ejectment brought by the plaintiff landlord against the defendant tenant on May 5, 1943, whereupon a petition was filed to open

the judgment and to let defendant into a defense. Depositions were taken and after argument before the court we are constrained to find that this judgment must be opened.

Under date of February 23, 1943, plaintiff, through his attorney, notified defendant to vacate the premises at 1824 Cherry Street, second floor, Erie, Pa., on or before April 1, 1943. Several reasons were stated, only one of which appears to be a ground for eviction under the provisions of the Maximum Rent Regulations for this area issued pursuant to the Emergency Price Control Act of June 30, 1942, 56 Stat. at L. 23. This ground for eviction is the third one stated in said notice, to wit:

"You refused the landlord permission to enter the premises in order to examine the condition of same according to lease."

Section 6(a)2 of the Maximum Rent Regulations provides that it is a ground for eviction of the tenant if "The tenant has unreasonably refused the landlord access to the housing accommodations for the purpose of inspection or of showing the accommodations to a prospective purchaser, mortgagee, or prospective mortgagee, or other person having a legitimate interest therein: Provided, however, That such refusal shall not be ground for removal or eviction if such inspection or showing of the accommodations is contrary to the provisions of the tenant's lease or other rental agreement."

We note that in the notice of the commencement of the eviction action no ground for the removal or eviction is stated as required by the Maximum Rent Regulations and Rule 17 of this court.

The testimony taken indicates a very strained relationship between the landlord and tenant. However, we are of the opinion that it is unnecessary to consider

any testimony except that bearing on the question of the refusal of defendant to permit the landlord access to the premises. Plaintiff testified that he was refused admittance to the premises on several occasions. A daughter of defendant, who is actually paying the rent for the premises in question, testified that plaintiff was never refused permission to enter the premises to examine into their condition. On only one occasion, according to this witness, was plaintiff denied admittance to the premises and that occasion was in February 1943, when plaintiff desired to show a couple through the premises so that he could rent the same to them. According to this witness, no advance notice was given by plaintiff of his desire to show the premises to a prospective renter. The provision of the Maximum Rent Regulations quoted above provides that the tenant must unreasonably refuse the landlord access to the housing accommodations, and we are of the opinion that the tenant should have some advance notice from the landlord before the landlord demands access to the premises. Plaintiff called as one of his witnesses Leonard Dedad, a plumber, who testified that on two occasions he was admitted to the premises of defendant to perform certain plumbing work. Although called by plaintiff, this witness corroborates defendant in her claim that plaintiff was not refused access to the premises.

At any rate, we are of the opinion that there is sufficient evidence to warrant the court in opening the judgment and letting defendant into a defense, and we accordingly make the following

*Order*

Now, to wit, July 19, 1943, the rule granted on defendant's petition to open judgment be and the same is hereby made absolute; all proceedings stayed in the

meantime until final determination of this proceeding. The attorneys for each party are directed to agree upon stated pleadings to be used in the trial of this case.